United States District Court
Southern District of Texas
**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANYI MARIA RODRIGUEZ RODRIGUEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05161 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al,* Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Anyi Maria Rodriguez Rodriguez filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 29, 2006. Dkt 1. She acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) is unlawful as a violation the Due Process Clause of the Fifth Amendment. Id at 6–9. She also reports an alleged failure to protect her from threats to her safety from other detained individuals. Dkt 1-1.

A previous *habeas corpus* petition by Petitioner was dismissed based on the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), and prior decisions by the undersigned. See *Rodriguez Rodriguez v Blanche*, 4:26-cv-03827 (SD Tex). Petitioner now seeks to specify individual circumstances or additional arguments supporting a different result. Dkt 1. She has also filed notice of her reliance on the Fifth Circuit's decision in *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). Dkt 6 & 7.

The Government was ordered to state its position with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 5.

Pending is a motion by the Government for summary judgment. Dkt 10. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 3–4. It further contends that Petitioner's arguments under due process fail on the merits. Id at 4–10.

As noted in the prior action, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026). Petitioner doesn't challenge that ruling.

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.
- *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.
- *Solano Hurtado v Garcia,* 2026 WL 916966 (SD Tex): Holding that conditions-of-confinement claims, such as those relating to the provision of medical care, aren't properly raised in a *habeas corpus* petition, and a demand for release due to such conditions doesn't convert a conditions-of-confinement claim into a proper request for *habeas* relief.

The arguments in the current petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner has not established that her current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 10.

The petition for writ of *habeas corpus* by Petitioner Anyi Maria Rodriguez Rodriguez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge